Muratalla-Lua vs. Mugridge, et al                                                                                                          Doc. 3

Case 1:07-cv-00969-LJO-DLB   Document 3   Filed 07/23/2007   Page 1 of 3

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIZ MURATALLA-LUA, ) | 1:07cv0969 LJO DLB |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING DISMISSAL OF ACTION |
| v. ) | |
| DAVID R. MUGRIDGE, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Luiz Muratalla-Lua ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. Plaintiff filed his complaint on July 6, 2007, and names attorney David R. Mugridge as the Defendant. Plaintiff alleges that Defendant provided him with ineffective assistance of counsel and requests monetary damages.

### DISCUSSION

A.   Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to

1

state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

B.     Failure to State a Claim

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C.     Analysis

Plaintiff files his action on a civil rights complaint form, but specifically states that his action is a "lawsuit for petition for writ of habeas corpus." Complaint, at 2. He Plaintiff alleges that he was represented by Defendant David R. Mugridge in an underlying criminal action that is currently pending before Fifth District Court of Appeal. Without much explanation, Plaintiff contends that Defendant was ineffective because he failed to present "favorable key evidence which should have been remedy." Complaint, at 3. He requests a total of $100,000 in monetary damages.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512

1 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or

2 sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

3      Plaintiff has not shown, or even alleged, that his conviction has been reversed or

4 otherwise invalidated. Accordingly, Plaintiff cannot state a claim under Section 1983.

5      Dismissal of a pro se complaint for failure to state a claim is proper where it is obvious

6 that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend

7 would be futile. See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc). Based on the

8 facts alleged, Plaintiff cannot prevail on a Section 1983 claim and it appears granting leave to

9 amend the complaint would be futile. Accordingly, the Court recommends that the complaint be

10 dismissed without leave to amend for failure to state a claim. Plaintiff may file a petition for writ

11 of habeas corpus if he so chooses.

12 <u>RECOMMENDATION</u>

13   These Findings and Recommendation are submitted to the Honorable Lawrence J.

14 O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being

15 served with these Findings and Recommendation, Plaintiff may file written objections with the

16 Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and

17 Recommendations." Plaintiff is advised that failure to file objections within the specified

18 time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153

19 (9th Cir. 1991).

20   IT IS SO ORDERED.

21   Dated: **July 21, 2007**     /s/ **Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE